UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL SIERRA HOLDINGS, INC.,<br><br>Defendant. | No. 1:21-cv-01391-NONE-SKO<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION |

On September 16, 2021, plaintiff IP Solutions, Inc., commenced this action by filing a complaint against defendant Central Sierra Holdings, Inc., invoking the court's diversity jurisdiction. (Doc. No. 1.) The complaint alleges that plaintiff is an Ohio corporation "located in Perrysburg, Ohio," that defendant is "a citizen of California," and that defendant is "located in Sonora, California." (*Id.* ¶¶ 2, 4–5.) Because all parties are corporations, to invoke the court's diversity jurisdiction, plaintiff must allege the principal place of business and the state of incorporation of each party to the action; alleging a corporation's "citizenship" will not suffice:

> Since the citizenship of a corporation is determined by both the state of incorporation *and* the state whether the corporation's principal place of business is located, the complaint must allege both defendant's state of incorporation *and* the location of defendant's principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business") (emphasis added); *see also Indiana Hi–Rail Corp. v. Decatur Junction Ry.*

1

*Co.,* 37 F.3d 363, 365, n. 3 (7th Cir.1994) ("Here Hi–Rail alleged the place of incorporation of both itself and Decatur Junction—Indiana and Iowa, respectively—but did not allege either corporation's principal place of business. Since Hi–Rail failed to plead the principal place of business of the parties, the district court should have either independently established that this jurisdictional requirement was satisfied or dismissed the petition for lack of jurisdiction."); *see also Bautista v. Pan American World Airlines, Inc.,* 828 F.2d 546, 552 (9th Cir.1987) (allegation that defendant is a citizen of a state other than that of plaintiff is insufficient).

*Portnoy v. Veolia Transp. Servs., Inc.*, No. 2:13-CV-0043-MCE-EFB, 2013 WL 460438, at *1 (E.D. Cal. Feb. 5, 2013); *accord* 1 Barbara J. Van Arsdale, *et al.*, *Fed. Proc., L. Ed*. § 1:291 ("In a properly pleaded diversity action involving a corporate party, the plaintiff must not only allege that there is diversity of citizenship but must also advert to the factors set out by 28 U.S.C.A. § 1332(c)(1), describing the citizenship of corporations. That is, the plaintiff must aver to the state or states of incorporation and the principal place of business of the corporate party."); 32A Am. Jur. 2d Federal Courts § 801 ("The diversity statute does not give the pleader an option of alleging that a corporation's citizenship is its state of incorporation or alleging that it is a different state where the company's principal place of business is located; a pleader must denominate the corporation as being a citizen of both states.").

Accordingly,

1. Within fourteen days, plaintiff shall show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction;

2. Alternatively, within fourteen days, plaintiff may file an amended complaint addressing the issues identified in this order or may voluntarily dismiss this action; and

3. Plaintiff is warned that failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 22, 2021**                         _____
                                                        UNITED STATES DISTRICT JUDGE