UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP SOLUTIONS, INC., | No. 1:21-cv-01391-NONE-SKO |
| Plaintiff, | |
| v. | <u>ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT TO INCLUDE APPROPRIATE JURISDICTIONAL ALLEGATIONS</u> |
| CENTRAL SIERRA HOLDINGS, INC., | |
| Defendant. | |
| | (Doc. No. 4) |
| | **(Fourteen-Day Deadline)** |

On September 16, 2021, plaintiff IP Solutions, Inc. commenced this action by filing a complaint against defendant Central Sierra Holdings, Inc. and invoked the court's diversity jurisdiction. (Doc. No. 1.) On September 23, 2021, the court ordered plaintiff to show cause why the complaint should not be dismissed for lack of subject-matter jurisdiction due to insufficient allegations of diversity. (Doc. No. 4.) As noted in the order to show cause, the complaint alleges that plaintiff is an Ohio corporation "located in Perrysburg, Ohio," that defendant is "a citizen of California," and that defendant is "located in Sonora, California." (Doc. No. 1 ¶¶ 2, 4–5.) Thus, even though all parties to this action are corporations, plaintiff did not allege the state of incorporation and the principal place of business for each party. Also as noted in the order to show cause, such allegations are necessary. (Doc. No. 4 (citing sources).)

On October 6, 2021, plaintiff filed a response to the order to show cause.  (Doc. No. 5.) The response provides additional information concerning the citizenship of the parties, states that the amount in controversy is greater than $75,000, and argues that the court has subject-matter jurisdiction based on the additional information provided.  (*Id.*)  However, the information plaintiff provides in the declaration is not reflected in the complaint.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties. . . . In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship.  Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction."); Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ." (paragraph break omitted)); 5B Arthur R. Miller & Benjamin Spencer, *Fed. Prac. & Proc. Civ.* § 1350 (3d ed.) ("If the allegations [concerning subject-matter jurisdiction] are not sufficient, however, the district judge has at least two possible courses of action.  When the pleader's affidavits or other evidence show either that the court actually has subject matter jurisdiction over the case or that the nonmoving party might be able to amend to allege jurisdiction, the district court may deny the motion [to dismiss under Rule 12(b)(1), which may be brought *sua sponte*,] and direct the pleader to amend the pleading or it may dismiss with leave to amend within a prescribed period of time.").

Accordingly,

1. The order to show cause (Doc. No. 4) is DISCHARGED; and
2. Plaintiff is directed to file an amended complaint within fourteen days of the date of this order in accordance with the above instructions.

IT IS SO ORDERED.

Dated:  **October 20, 2021**                                    _____
UNITED STATES DISTRICT JUDGE

2